IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

DIVISION

| | |
|---|---|
| Protection and Advocacy for People with Disabilities, Inc.,<br><br>    Plaintiff,<br><br>vs.<br><br>James Alton Cannon, Jr., in his official capacity as Charleston County Sheriff, Mitch Lucas, in his official capacity as Assistant Charleston County Sheriff, Willis Beatty, in his official capacity as Chief Deputy of the Charleston County Sheriff's Office, and Charleston County School District<br><br>    Defendants. | C.A. No. 2:20-cv-02738-DCN<br><br>**DEFENDANT CHARLESTON COUNTY SCHOOL DISTRICT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |

## I. <u>ARGUMENT</u>

### A. Plaintiff does not have standing to pursue its educational claims against CCSD.

As set forth in CCSD's Memorandum of Law in Support of its Motion to Dismiss, the highly individualized nature of the special education claims asserted by Plaintiff require individual participation making representational standing inappropriate. Though Plaintiff asserts broad, generalized statements about the students in detention, a close examination of the documents provided in support of its motion for a preliminary injunction demonstrate many individualized issues that are best addressed through the IDEA's administrative process. For example,

- Page 5 of 32 "BP" "One of her grandsons, L.M., is a special education student with an Individual Education Plan. No one discussed her grandson's special education status with her."

- Page 7 of 32 "RS" - "School teacher came from the Daniel Jenkins Academy on or twice a week. School was not like attending regular school. He is a special education student and does have an IEP."

- Page 23-24 of 32 "AM re her son CA" - "CA has ADHD, asthma and has been identified as a Special Education student with and IEP. … He had some school but didn't get credit for it – just 'seat time.'"

- Page 30 of 32 "ES re her son LR" - "Was in custody for two weeks a couple of months ago [spring of 2020]. … He did not get speech therapy in the Charleston County Detention Center when he was in this year."[1]

If a student is denied speech services, as in the last example, that can easily be addressed through the IEP meeting process and if necessary, compensatory services can be provided. Furthermore, Plaintiff asserts through affidavit that "[t]here are youth with the facility that are in Special Education with Individual Education Plans (IEPs). There is nothing to indicate that the IEPs are being met."[2]  Failure to comply with an IEP is exactly the type of claim designed to be addressed through IDEA's administrative process. As noted in CCSD's Memorandum of Law in Support of its Motion to Dismiss, there are many situations in which a procedural or technical failure to comply with an IEP does not rise to the level of an IDEA violation, highlighting the need for individual challenges to alleged IEP violations. As more fully addressed below, because IDEA administrative remedies have not been exhausted, representational standing is not proper. "Otherwise, associational standing in this type of suit would be inconsistent with the Congressional requirements of exhaustion in the IDEA, 20 U.S.C. § 1415(1), and indeed an easy way to circumvent it." *Parent/Professional Advocacy League v. City of Springfield,* 934 F.3d 13, 34 (1st Cir. 2019); *Protection & Advocacy, Inc. v. Murphy*, No. 90-C-569, 1992 WL 59100 (N.D. Ill. March 16, 1992).

---

[1] From Docket Entry Number: 2-13
[2] From Docket Entry Number: 2-1 Affidavit of Louis J. Kraus, M.D., p. 19, ¶ 57

2

### B. Plaintiff's failure to Exhaust Administrative Remedies is jurisdictional and requires dismissal.

P & A's Complaint seeks declaratory judgment that the Defendants have violated the ADA, Section 504 of the Rehabilitation Act and IDEA (Third Cause of Action) and have failed to provide the minimum education required by state law (Fourth Cause of Action) and further seeks preliminary and permanent injunctive relief pursuant to 42 U.S.C. §1983.[3] Plaintiff is seeking injunctive relief primarily requiring that CCSD:

- Provide Children with a minimum of thirty (30) hours of grade-level and individually appropriate classroom or individualized instruction time per week in accordance with the minimum education program standards set out by the State Board of Education.

- Follow all requirements of the Americans with Disabilities Act (ADA), Section 504 of the Rehabilitation Act of 1973 (Section 504), and the Individuals with Disabilities Education Act including the provision of a Free Appropriate Public Education (FAPE), conduct "appropriate evaluations" of Children suspected of having a disability, follow established individualized education plans (IEPs) for Children who receive special education, or in the case of a Child detained for months, establish an IEP if appropriate and needed, guarantee placement in the Least Restrictive Environment (LRE) where possible, encourage parental participation in placement decisions, and follow procedurally required safeguards.

All of Plaintiff's claims arise from IDEA or indirectly assert IDEA violations. Under the law of the Fourth Circuit, Plaintiff is required to exhaust administrative remedies before filing an action in federal court. In its Response in Opposition, P & A concedes that it can only assert associational standing for its disabled constituents and therefore, cannot assert any claims on behalf of any other students detained by CCSO. See, ECF No. 22, p.3. As discussed below, because P & A's educational claims are made on behalf only of disabled students, and because those claims all arise fundamentally from IDEA, P & A must first exhaust the mandated administrative remedies set forth in IDEA before bringing suit in federal court. Because they

---

[3] The First and Second Causes of Action do not assert claims against CCSD.

have failed to do so, the case should be dismissed.

The Fourth Circuit has consistently held that failure to exhaust administrative remedies in the context of IDEA and IDEA-related claims deprives the federal courts of subject matter jurisdiction.[4] *Tawes v. Board of Education of* Somerset *County*, C/A No. RDB-17-2375, 2017 WL 6313945 (D. Maryland December, 11, 2017) at *3, citing *A.H. by and through H.C. v. Craven Cty Bd. of Educ.*, No. 4:16-CV-282-BO, 2017 WL 3493612, at *12 (E.D.N.C. Aug. 14, 2017); *M.M. ex rel D.M. v. School Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002). In *Tawes*, the Court dismissed the plaintiff's IDEA claims for failure to exhaust administrative remedies, and also dismissed her claims that were related to her assertion of a denial of FAPE, even though they were brought under different laws, citing the Supreme Court's decision in *Fry v. Napoleon Community Schools*, 137 S.Ct. 743, 748 (2017)("If a suit brought under [another law protecting children with disabilities] seeks relief that is also available under IDEA, the plaintiff must first exhaust the IDEA's administrative procedures.") *Tawes* at *5.

P & A argues that it should be excused from the exhaustion requirement under the futility exception because the relief they seek is broad and systemic. Such an argument was rejected in *Learning Disabilities Ass'n of Maryland, Inc. v. Board of Education of Baltimore County*, 837 F.Supp. 717, 722 (D. Md. 1993). There the plaintiffs' argument that the administrative process would not have the ability to enjoin disputed programmatic changes was rejected, the Court finding that the administrative process was sufficient to address those concerns and had the potential to produce the result sought, namely statutory compliance. *Id.* at 724 (internal cite omitted).

In *K.I. v. Durham Public School Board of Education*, No. 1:19-CV-857, 2020 WL 351(M.D.N.C. June 6, 2020), the plaintiffs brought suit pursuant to IDEA, ADA and 504 of the Rehabilitation Act. The Court held that the plaintiffs' failure to exhaust administrative remedies

---

[4] The Fourth Circuit has not ruled on the issue of class exhaustion under IDEA.

deprived the federal court of subject matter jurisdiction, citing *Z.G. ex rel. C.G. v. Pamplico Cty Pub. Sch. Bd. Of Educ.,* 744 F. App'x 769, 777 (4th Cir. 2018). The Court also rejected the plaintiffs' argument that the futility exception to the exhaustion requirement applied because of the unavailability of injunctive relief from the administrative process, citing *J.G. ex rel. C.G. v. Knox Cty.*, No. 1:19-cv-63, 2019 WL 4451203 at *5 (E.D. Tenn. Sept. 17, 2019)(rejecting the argument that an ALJ's inability to "fix practices or policies which will inevitably repeat themselves" excused failure to exhaust where exhaustion would have promoted "accuracy, efficiency, agency autonomy, and judicial economy as [the IDEA] intended").

The futility argument was also rejected by the Court in *Tyson v. Kanawha County Bd. of Education of Kanawha County*, 22 F.Supp.2d. 535 (S.D. W. Va. 1997), citing *Doe v. Alfred*, 906 F.Supp. 1092 (S.D.W.Va 1995), where plaintiff sought injunctive relief and monetary damages for violations of IDEA, the ADA, the Rehabilitation Act and 42 U.S.C. §1983. The Court also found that the plaintiff would not suffer irreparable harm through exhaustion because the IDEA administrative process has very strict and has short time frames for resolution. Significantly, the court recognized several useful functions of the exhaustion requirement:

> (1) permitting the exercise of agency expertise on issues of education; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard of and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decision by giving the agency the first opportunity to correct any error.

As noted by the Court in *Hoeft v. Tuscon Unified School Dist.*, 967 F.2d 1298,1304 (9th Cir. 1982) "structuring a complaint as a challenge to policies, rather than as a challenge to an individualized education program formulated pursuant to those polices, does not suffice to establish a waiver of the IDEA's exhaustion requirement. Plaintiffs must demonstrate in addition that the underlying purposes of exhaustion would not be furthered by enforcing the requirement." Here, Plaintiff cannot demonstrate that the underlying purposes of exhaustion would not be furthered by requiring application of the administrative process. Especially in this case, the

exercise of agency expertise and the development of a full factual record prior to court review are crucial, and as such Plaintiff cannot demonstrate that the underlying purposes of the exhaustion requirement would not be furthered by enforcing the requirement.

## II. CONCLUSION

For the foregoing reasons and those set forth in its Memorandum of Law in Support of its Motion to Dismiss, Defendant CCSD respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By:    s/ John M. Reagle
John M. Reagle, Fed. I.D. No. 7723
jreagle@hmwlegal.com

Dwayne T. Mazyck, Fed I.D. No. 9026
dmazyck@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendants Charleston County School District

September 8, 2020

Columbia, South Carolina