IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Protection and Advocacy for People with Disabilities, Inc., <br><br> Plaintiff, <br><br> v. <br><br> James Alton Cannon, Jr., in his official capacity as Charleston County Sheriff, Mitch Lucas, in his official capacity as Assistant Charleston County Sheriff, Willis Beatty, in his official capacity as Chief Deputy of Charleston County Sheriff's Office, and Charleston County School District, <br><br> Defendants. | C/A No. 2:20-cv-02738-DCN-MGB <br><br><br> **ANSWER OF SHERIFF CANNON, ASSISTANT SHERIFF LUCAS AND CHIEF DEPUTY BEATTY** |

NOW COME Sheriff Cannon, Assistant Sheriff Lucas and Chief Deputy Beatty (collectively "CCSO Defendants") and hereby answer the Complaint as follows:

**FOR A FIRST DEFENSE**
**(Qualified General Denial)**
**All specifically not admitted herein should be deemed denied.**

**NATURE OF COMPLAINT**

1. CCSO Defendants deny all allegations contained in this paragraph.

2. CCSO Defendants deny all allegations contained in this paragraph.

3. CCSO Defendants deny all allegations contained in this paragraph.

4. CCSO Defendants deny all allegations contained in this paragraph.

5. CCSO Defendants deny all allegations contained in this paragraph, and further deny that the plaintiff has standing or that it is entitled to declaratory or injunctive relief.

6. CCSO Defendants deny all allegations contained in this paragraph.

## JURISDICTION AND VENUE

7. This paragraph is a statement regarding jurisdiction and requires no response.

8. This paragraph is a statement regarding jurisdiction and requires no response.

9. This paragraph is a statement regarding jurisdiction and requires no response.

10. This paragraph is a statement regarding the court's power and requires no response.

11. This paragraph is a statement regarding venue and requires no response.

## PARTIES

12. Upon information and belief admit.

13. Deny that Sheriff Cannon is the Sheriff at this time or that he has any control over the office of the Sheriff at this time. Admit only that the Sheriff's Office does control the juvenile detention center.

14. Deny that Lucas is the Assistant Sheriff at this time.

15. Deny that Beatty is the Chief Deputy of the Sheriff's Office at this time.

16. This allegation is directed at a defendant other than CCSO Defendants and therefore no response is required.

17. Deny that it is the "Sheriff's Department", as the Sheriff's Office is a state constitutional office. Assert that it is a public entity.

## FACTUAL ALLEGATIONS

18. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

19. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Unsanitary and Unsafe Conditions**

20-26. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

27. Admit.

28-29.  Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Arbitrary and Excessive Use of Solitary Confinement**

30-36.  Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

37-9.   These paragraphs do not contain any allegations against the CCSO Defendants and therefore no response is required.

40-6.   Deny, demanding strict proof thereof.

**Use of excessive force, the "restraint chair", and the "Wet Cell"**

47.     Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

48-9.   This paragraph does not contain any allegations against the CCSO Defendants and therefore no response is required.

50-2.   Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

53.     This paragraph does not contain any actual allegations against the CCSO Defendants and therefore no response is required.

54-8.   Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Overcrowding and Failure to Provide beds to Children**

59.     Admit that the prior facility was sometimes overcrowded, but deny that any juveniles slept "on the floor." Further deny that no steps have been taken to ease overcrowding.

60-1.   Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

62.     Admit, with regard to the previously used facility, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC with access to desks and chairs and hooks for their belongings. No jail in Charleston County provides closets to inmates. Juveniles will move into the new facility when it is opened later this year.

63. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to provide outdoor access and programming**

64-7. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to provide separation of individuals with violent propensities**

68. This paragraph does not contain any actual allegations against the CCSO Defendants and therefore no response is required.

69-71. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to Provide Adequate Health Care**

72-6. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to Provide Adequate Mental Health Care**

77-80. Deny, including all subparts, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to Provide Adequate Facilities for Physically Disabled Children**

81-3. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to Provide Access to Adequate Education Services**

84-9. Deny, including all subparts, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Cross Gender Privacy Issues**

90. Admit, and assert that they are now and have always been housed separately.

91-3. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to adequately Train and Supervise Staff**

94. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Failure to Provide adequate Grievance System**

95. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

96. This paragraph does not contain any actual allegations against the CCSO Defendants and therefore no response is required.

**Lack of Due Process for Alleged Disciplinary Violations**

97. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Necessity for Injunctive Relief; No Adequate Remedy at Law**

98. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

**Knowledge of the Defendants**

99. Admit that CCSO Defendants have at all times relating to juveniles inmates, acted under the color of state law. Defendants further admit that the policies and practices are those of the Sheriff's Office. Deny that there was any violation of the juvenile's rights or that any of the plaintiff's allegations previously denied are true.

### FIRST CAUSE OF ACTION
(Declaratory Judgement: Substantive Due Process Under the Fourteenth Amendment to the U.S. Constitution Asserted against All Defendants)

100. No response required.

101-2. These paragraphs are statements of law to which no response is required.

103-7. Deny, demanding strict proof thereof, assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year. Further the individually named CCSO Defendants are no longer in control of or employed by the Sheriff's Office.

### SECOND CAUSE OF ACTION
(Declaratory Judgement: Eighth and Fourteenth Amendments as to CCJDC Defendants)

108. No response required.

109. These paragraphs are statements of law to which no response is required.

110-6. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

### THIRD CAUSE OF ACTION
(Declaratory Judgement: Violation of the ADA, Rehabilitation Act and IDEA as to All Defendants)

117. No response required.

118-9. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

### FOURTH CAUSE OF ACTION
(Declaratory Judgement: Violation of the State Statutes and Regulations as to All Defendants)

120. No response required.

121-3. Deny, demanding strict proof thereof, and assert that this building is no longer use and further assert that the children are currently housed in the SACDC until the new facility is opened later this year.

### FIFTH CAUSE OF ACTION
(Preliminary and Permanent Injunctive Relief; 42 U.S.C. 1983 as to All Defendants)

124. No response required.

125-30. Deny, demanding strict proof thereof.

### SIXTH CAUSE OF ACTION
(Attorneys' and Experts' Fees; 42 U.S.C. 1988(b) & (c) as to All Defendants)

131. No response required.

132. Deny and demand strict proof thereof.

### PRAYER FOR RELIEF

To the extent necessary, or that such prayer for relief may be considered to contain allegations against the CCSO Defendants, the same deny all claims in the prayer for relief and assert that the plaintiff lacks standing to bring this action and further assert that the plaintiff is not entitled to any relief as set forth herein.

## FOR A SECOND DEFENSE

133. Plaintiff lacks standing to bring this suit against any of these Defendants.

## FOR A THIRD DEFENSE

134. The Plaintiffs fail to meet the requirements for asserting a class action to the extent that they are attempting to do the same.

## FOR A FOURTH DEFENSE

135. Plaintiffs are not entitled to costs and attorneys' fees under 42 U.S.C. § 1988

## FOR A FIFTH DEFENSE

136. Plaintiffs' juveniles alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities and/or acts or omissions of a person or entity over whom the CCSO Defendants had no control.

## FOR A SIXTH DEFENSE

137. Sheriff Cannon, Assistant Sheriff Lucas and Chief Deputy Beatty are not proper parties to this lawsuit as they are no longer responsible in their official capacities for the Charleston County Juvenile Detention Center .

## FOR A SEVENTH DEFENSE

138. Any claims for injunctive relief against Sheriff Cannon, Assistant Sheriff Lucas and Chief Deputy Beatty should be dismissed as they are no longer the Sheriff nor employed by the Sheriff of Charleston County.

## FOR AN EIGHTH DEFENSE

139. The plaintiff's request for declaratory judgment in the First, Second, Third, and Fourth Causes of Action is improper under *Ex Parte Young,* 209 U.S. 123 (1908) and the Eleventh Amendment and should be dismissed.

### FOR A NINTH DEFENSE

140. The facility that is the subject of the Complaint is no longer in use, and therefore all claims relating to such facility should be dismissed as moot.

### FOR A TENTH DEFENSE

141. A new juvenile detention facility is scheduled to open in December 2021, with an assessment being performed on November 2-3, 2021. To the extent there are any remaining claims, those claims will be remedied by the assessment and this Complaint should thereafter be dismissed.

### FOR AN ELEVENTH DEFENSE

142. Plaintiff has failed to state a cause of action for which relief can be granted. Further, this Complaint should be dismissed for all applicable reasons in accordance with Rule 12 and Rule 8 of the Federal Rules of Civil Procedure.

### FOR A TWELFTH DEFENSE

143. Plaintiff's claims are barred, in whole or in part, by the doctrines of *estoppel*, laches, waiver, acquiescence, stale demand, service of process, statute of limitations, and the acts of the Answering Defendant were not the proximate cause of the injuries.

## FOR A THIRTEENTH DEFENSE

144. The Complaint, as drafted, sues the State of South Carolina through its agents. Plaintiff is prohibited from suing the defendants, as doing so would be equivalent of suing the State of South Carolina and in violation of the Eleventh Amendment to the United States Constitution.

## FOR A FOURTEENTH DEFENSE

145. The actions/inactions and conduct of Answering Defendant, to the extent they actually occurred, were objectively reasonable under the circumstances of which it was aware. Its actions did not violate any clearly established constitutional, federal, or statutory right of which a reasonable official should have known, and it is therefore entitled to qualified immunity.

## FOR A FIFTEENTH DEFENSE

142. The CCSO Defendants reserve and do not waive any and all additional separate or other affirmative defenses that they may have which may be revealed by discovery or further investigation in this matter.

WHEREFORE, having fully set forth their response to the Complaint, the CCSO Defendants pray that,

Plaintiffs take nothing from these defendants by reason of the Complaint and that judgment be entered in favor of the CCSO Defendants on all causes of action;

That the CCSO Defendants be awarded their costs and attorney's fees in defending this action; and

That this Honorable Court award such other and further legal and equitable relief as it deems just and proper.

Respectfully moved,

*S/ Robin L. Jackson*
ROBIN L. JACKSON (Fed. ID No. 07465)
SANDRA J. SENN (Fed. ID No. 05761)
*Senn Legal, LLC*
Post Office Box 12279
Charleston, South Carolina  29422
(843) 556-4045
(843) 556-4046 (fax)
Robin@SennLegal.com
Sandy@SennLegal.com

October 1, 2021
Charleston, South Carolina