IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| Protection and Advocacy for People with Disabilities, Inc., | ) ) ) | C.A. No. 2:20-cv-02738-DCN |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **DEFENDANT CHARLESTON COUNTY SCHOOL DISTRICT'S ANSWER TO THE COMPLAINT** |
| James Alton Cannon, Jr., in his official capacity as Charleston County Sheriff, Mitch Lucas, in his official capacity as Assistant Charleston County Sheriff, Willis Beatty, in his official capacity as Chief Deputy of the Charleston County Sheriff's Office, and Charleston County School District | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant, Charleston County School District ("District"), hereby responds to the allegations of the Complaint, according to the numbered paragraphs thereof, as follows:

The District generally denies each and every allegation of the Complaint, and demands proof thereof, except as may be specifically admitted herein.

1.      Denied.

2.      Denied.

3.      Denied.

4.      Denied.

5.      Denied; the District further denies that Plaintiff has standing or that it is entitled to declaratory or injunctive relief.

6.      The District lacks sufficient information to reasonably determine the accuracy of

this allegation and on that basis it is denied.

7.      This allegation is a statement regarding jurisdiction and requires no response.

8.      This allegation is a statement regarding jurisdiction and requires no response.

9.      This allegation is a statement regarding jurisdiction and requires no response.

10.     This allegation is a statement regarding the Court's power and requires no response.

11.     This allegation is a statement regarding venue and requires no response.

12.     Admitted.

13.     Denied, except the District admits only that the Sheriff's Office controls the juvenile detention center.

14.     Denied.

15.     Denied.

16.     Denied, except the District admits it has limited statutory responsibility for providing teaching staff at the CCJDC.

17.     Denied, except the District admits only that it is a public entity as defined under Title II of the ADA, 42 U.S.C. § 12131(1)(B).

18.     Denied, the CCJDC building alleged is no longer in use as a detention facility; it is further expressly denied that the CCJDC is or was "outside of the public eye."

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Admitted on information and belief.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied; the published statements of the organizations referenced in this allegation speak for themselves.

38.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

39.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

49.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied, except the District admits only that the previous juvenile detention center was overcrowded at times.

60.     Denied.

61.     Denied.

62.     Denied, except the District admits only that cells at the previous juvenile detention center did not typically contain desks, hooks, closet space, chairs or stools.

63.     Denied.

64.     Denied; further, any published standards or legal standards alleged speak for themselves.

65.     Denied; further, any published standards or legal standards alleged speak for themselves.

66.     Denied; further, any published standards or legal standards alleged speak for themselves.

67.     Denied; further, any published standards or legal standards alleged speak for themselves.

68.     The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied, including all subparts.

78.     Denied, including all subparts.

79.     Denied, including all subparts.

80.     Denied, including all subparts.

81.     Denied, including all subparts.

82.     Denied, including all subparts.

83.     Denied, including all subparts.

84.     Denied, including all subparts.

85.     Denied, including all subparts.

86.     Denied, including all subparts.

87.     Denied, including all subparts.

88.    Denied, including all subparts.

89.    Denied, including all subparts.

90.    Admitted.

91.    Denied, except the District admits only females are housed separately from males.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    The District lacks sufficient information to determine the accuracy of this allegation and on that basis it is denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.    The preceding paragraphs are incorporated herein as if re-stated verbatim.

101.    This allegation is not one of fact to which a response is required, but rather purports to be a statement of law, and accordingly it is denied.

102.    This allegation is not one of fact to which a response is required, but rather purports to be a statement of law, and accordingly it is denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    The preceding paragraphs are incorporated herein as if re-stated verbatim.

109.    This allegation is not one of fact to which a response is required, but rather

purports to be a statement of law, and accordingly it is denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.

115.   Denied.

116.   Denied.

117.   The preceding paragraphs are incorporated herein as if re-stated verbatim.

118.   Denied.

119.   Denied.

120.   The preceding paragraphs are incorporated herein as if re-stated verbatim.

121.   Denied.

122.   Denied.

123.   Denied.

124.   The preceding paragraphs are incorporated herein as if re-stated verbatim.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Denied.

130.   Denied.

131.   The preceding paragraphs are incorporated herein as if re-stated verbatim.

132.   Denied.

## Prayer For Relief

The District denies Plaintiff is entitled to any requested relief on its claims.

**133**.                                    ## Affirmative Defenses

### Standing

a.      Plaintiff lacks standing to bring this civil action against the District.

### Exhaustion of Administrative Remedies

b.      The Plaintiff and any students of the District the Plaintiff may purport to represent has failed to exhaust available administrative remedies and the Court lacks jurisdiction over Plaintiff's claims against the District.

### No Causation or Control

c.      Plaintiff's alleged injuries and damages were due to, and proximately caused by, in whole or in part, other events, conditions, instrumentalities and/or acts or omissions of a person or entity over whom the District had no control.

### No Right to Attorneys' Fees

d.      Plaintiff is not entitled to costs and attorneys' fees under 42 U.S.C. § 1988, or otherwise.

### Mootness

e.      The alleged detention facility, including educational facility, is no longer in use, and therefore all claims relating to such facility are moot and should be dismissed.

### Eleventh Amendment

f.      The District was acting in regard to Plaintiff's allegations as an agent of the State of South Carolina, and Plaintiff is prevented from suing the District as it is equivalent to suing the State of South Carolina in violation of the Eleventh Amendment.

### Failure to State a Claim

g.      Plaintiff has failed to state a cause of action for which relief can be granted.

**Equitable Defenses/Statute of Limitations**

h.    Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, laches, waiver, and statute of limitations.

**Immunity**

i.    The actions/intentions and conduct of the District, to the extent they actually occurred, were objectively reasonable and did not violate any clearly established constitutional, federal, or statutory right of which a reasonable official should have known and it is, therefore, entitled to qualified immunity.

**Previously Asserted Defenses**

j.    The District further incorporates herein by this reference its motion to dismiss and grounds therefor.

134.    WHEREFORE, having fully answered Plaintiff's Complaint, the District respectfully asserts that all claims against it should be dismissed and that it should be awarded such relief as the Court determines equitable and proper.

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA


By:    s/ John M. Reagle
        John M. Reagle, Fed. I.D. No. 7723
        jreagle@hmwlegal.com
        Dwayne T. Mazyck, Fed I.D. No. 9026
        dmazyck@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendants Charleston County School
District

October 11, 2021
Columbia, South Carolina