# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Protection and Advocacy for People with Disabilities, Inc., | Civil Action No. 2:20-cv-02738-DCN |
| Plaintiff, | |
| vs. | |
| James Alton Cannon, Jr., in his official capacity as Charleston County Sheriff, Mitch Lucas, in his official capacity as Assistant Charleston County Sheriff, Willis Beatty, in his official capacity as Chief Deputy of Charleston County Sheriff's Office, and Charleston County School District, | PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES |
| Defendants. | |

## DECLARATIO OF ARMAND DERFNER

1.      I, Armand Derfner, make this Declaration pursuant to 28 U.S.C. § 1746, in support of plaintiffs' application for attorneys' fees.

2.      I have been a member of the Charleston Bar for more than 50 years, engaged in general litigation. I have been admitted to practice in state and federal courts, including the South Carolina Supreme Court and federal courts at the district, circuit and Supreme Court levels.

3.      Over the years, one specialty of mine has been civil rights litigation, including cases under 42 U.S.C. § 1983. I have represented parties that prevailed in such cases at all levels

1

of state and federal courts and have been awarded attorneys' fees in many such cases, especially under 42 U.S.C. § 1988.

4.     I have been asked by Stuart Andrews to make a Declaration in this case concerning the hourly rates sought by the prevailing plaintiff for the attorneys who have represented it.

5.     I have known Mr. Andrews for more than 20 years and am familiar with his exceptional skill and outstanding reputation among members of the Bar.

6.     I am not being paid for this Declaration and have no financial or other interest in the outcome of this case or plaintiffs' petition for attorneys' fees.

7.     In the course of my practice in this community and elsewhere, including attorneys' fee litigation of my own, I am generally familiar with the hourly rates charged in this district.

8.     I understand that the hourly rate sought in their petition for work done by Stuart Andrews and Robert Brunson is $550 per hour.

9.     I believe this is an extremely modest rate for their services and is below the rate generally prevailing in this district for lawyers of their ability and seniority. In addition, I am informed and therefore believe it is well below the hourly rates that Mr. Brunson currently and regularly charges for his other work as a partner at the Nelson Mullins firm, and is likewise at or below the hourly rates that Mr. Andrews charged while he was formerly a partner at Nelson Mullins and now in his work as a partner at that firm of Burnette, Shutt & McDaniel.

10.    I do not know the other attorneys listed in the fee petition, but, based on their designation (and seniority levels) at the Nelson Mullins firm, I believe the rates requested for their work is appropriate.

11.    While there is wide variation among rates charged by different lawyers and firms in this district, and for different types of work, the rates requested for plaintiffs' counsel are also

consonant with ordinary rates typically charged for complex litigation, which this case certainly was.

12. The rates requested are also consistent with rates awarded by this Court and other courts under § 1988 and other federal fee statutes. Some of those other fee awards are cited in plaintiffs' petition.

13. In addition, the rates requested in this case are below the rate I was awarded five years ago ($585 per hour),[1] and only slightly above rates I was awarded nine years ago ($480 per hour),[2] and 20 years ago ($400 per hour).[3]

14. I am also aware that courts often approve and award fees to attorneys in bankruptcy cases at significantly higher hourly rates than requested here.

15. Awarding fees for this civil rights case at rates comparable to those charged fee-paying clients in commercial or other fee-generating cases is entirely in accord with the nature of this case, *i.e.*, vindicating civil and constitutional rights owed to persons by state and local governments and officials. Congress specifically said:

> "It is intended that the amount of fees awarded under [this law] be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases and not be reduced because the rights involved may be nonpecuniary I nature."

S.Rep.No. 94-1011, 94th Cong., 2d Sess. (1976), at p. 6.

I declare that the foregoing is true to the best of my knowledge, information and belief, on this  5  day of January, 2026.

---

[1] *Veasey v. Abbott*, 2020 WL 9888360 (S.D. Tex. 2020).

[2] *Doe v. Kidd*, 656 Fed.Appx 643 (2016).

[3] *Moultrie v. Charleston County*, C.A. No. 2-01-0562 (D.S.C. Aug. 8, 2005).

3

_/s/ Armand G. Derfner_
Armand G. Derfner
Derfner & Altman, LLC
575 King Street, Suite B
Charleston, SC 29403
843-723-89804
aderfner@derfneraltman.com

4